**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine D. Rolow,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-19-08140-PCT-MHB<br><br>**ORDER** |

At issue is the denial of Plaintiff Katherine Rolow's Application for Disability Insurance Benefits by the Social Security Administration (SSA) under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 16, Pl. Br.), Defendant SSA Commissioner's Response Brief (Doc. 17, Def. Br.), and Plaintiff's Reply (Doc. 16, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 13, R.) and now affirms the Administrative Law Judge's (ALJ) decision (R. at 12–31) as upheld by the Appeals Council (R. at 1–6).

**I.    BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on April 22, 2015 for a period of disability beginning on October 10, 2014. (R. at 15.) Her claim was denied initially on November 16, 2015, and upon reconsideration on April 6, 2016. (R. at 15.) On September 27, 2017, Plaintiff appeared before the ALJ for a video hearing regarding her claim. (R. at 15.) On April 19, 2018, the ALJ denied Plaintiff's claim, and on March 13,

2019, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1, 26.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: status post vascular insult to the brain (stroke), and status post breast cancer and mastectomy. (R. at 17.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 26.) The ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 20.) The ALJ also calculated Plaintiff's residual functional capacity (RFC). She found that Plaintiff

> has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can only lift, carry, push, and pull with the right upper extremity. She can sit for up to six hours in an eight-hour workday, with normal breaks. She can stand and/or walk for up to two hours in an eight-hour workday, with normal breaks. She can occasionally balance, stoop, kneel, crouch, and crawl. She may not balance on narrow, slippery, or erratically moving surfaces. She can occasionally perform handling and fingering with her left upper extremity, with no such limitation to the use of the right upper extremity. She should not operate foot controls repetitively. She is limited to occasional use of foot controls with the left lower extremity, and frequent with the right. She should avoid exposure to unprotected heights, heavy vibrations, and workplace hazards. She should not operate a motor vehicle commercially. She should avoid exposure to extreme temperatures. She would best suited for an occupation without high production quotas, and not in a fast-paced work environment. She requires a cane to ambulate and for balance.

(R. at 21.) Accordingly, the ALJ found that Plaintiff can perform her past work as a dispatcher, and therefore, she is not disabled. (R. at 25.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the

national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two interrelated arguments for the Court's consideration. (Pl. Br. at 1–2.) Plaintiff argues that the ALJ errantly rejected her symptom testimony, and because of that error the ALJ incorrectly calculated Plaintiff's RFC by failing to include a reaching limitation for Plaintiff's left-arm. (Pl. Br. at 1–2.) However, the Court disagrees with both of Plaintiff's arguments and finds that the ALJ correctly evaluated Plaintiff's symptom testimony and her RFC.

### A. The ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's testimony and those reasons are supported by substantial evidence.

Plaintiff testified that she stopped working in October 2014 after she suffered a stroke. (R. at 36.) She testified that her impairments and symptoms have improved since then, although she still has some limitations, especially on her left side. (R. at 39, 42.) She has walking limitations and uses an assistive device. (R. at 39.) She testified that she lives with her father and that she occasionally helps him around the house. (R. at 35, 42.) She also testified that she drives twice weekly. (R. at 41, 44.) Additionally, Plaintiff submitted a function report regarding her limitations and claimed that she lives alone and can walk only 30 feet before needing to rest for one to two minutes. (R. at 219.) In the report she also indicated that she has memory problems due to her impairments. (R. at 219.)

An ALJ performs a two–step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity

of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ rejected Plaintiff's symptom testimony because the ALJ found that Plaintiff made inconsistent statements regarding her activities of daily living and because the medical evidence did not support her alleged limitations. (R. at 24–25.) These reasons are sufficient to reject Plaintiff's testimony and they are supported by substantial evidence.

The ALJ found that Plaintiff's statements regarding her limitations "are inconsistent because she has made contradictory statements about her ability to perform activities of daily living and personal care." (R. at 24.) Specifically, the ALJ noted that Plaintiff's function report stated that she lived alone and performed her activities of daily living independently, but this was inconsistent with what she testified to at the hearing. (R. at 24, 35.) This was a sufficient basis for rejecting Plaintiff's testimony. *See Smolen*, 80 F.3d at 1284. And this reason is supported by substantial evidence because the record reflects contradictions in Plaintiff's allegations. In her function report Plaintiff states that she lives independently in an apartment and performs her daily activities alone. (R. at 214–18.) However, at the hearing she testified that she lives with her father and needs greater assistance with activities. (R. at 42.) Similarly, she states she can vacuum and cook in her function report but testified at the hearing that she cannot. (R. at 43, 216.) Importantly, she testified that she has *improved* over time. (R. at 39–40.) Thus, her alleged regression between the hearing in 2017 and her function report in 2015 contradicts her testimony and supports the ALJ's conclusion. (R. at 34, 221.)

The lack of medical evidence supporting Plaintiff's allegations similarly bolsters the ALJ's rejection of Plaintiff's testimony. Though a lack of corroborating medical

evidence is not on its own a sufficient basis for an ALJ to reject claimant testimony, it is a permissible consideration. *Burch*, 400 F.3d at 680. Here, the medical evidence contradicts Plaintiff's allegations of disabling symptoms. The ALJ noted that Plaintiff's has no objective memory deficits despite her allegations of memory limitations. (R. at 19.) A neurological exam found Plaintiff's memory and cognitive function were normal. (R. at 405.) Similarly, a consultative psychological exam found that Plaintiff had no specific memory deficits. (R. at 420.) Additionally, the ALJ rejected Plaintiff's claim that she can only walk 30 feet without breaks because her medical records revealed she could walk 150 feet without an assistive device. (R. at 24, 344, 602.) Accordingly, substantial evidence supports the ALJ's rejection of Plaintiff's testimony.

**B.  The ALJ correctly calculated Plaintiff's RFC and included all of Plaintiff's limitations that are supported by substantial evidence.**

Plaintiff claims that the ALJ erred by finding that Plaintiff can perform her past work as a dispatcher because that job requires frequent reaching, which Plaintiff claims she cannot do. (Pl. Br. at 16.) Plaintiff bases this alleged limitation on her numbness and stiffness on her left-side. (Pl. Br. at 16.) Contrarily, the ALJ found only that Plaintiff is limited to occasional handling and fingering with her left-arm. (R. at 21.) Although the ALJ did not find a reaching limitation in Plaintiff's left-arm, she did find that Plaintiff cannot lift, carry, push, or pull with her left-arm. (R. at 21.)

An ALJ must only include limitations in a claimant's RFC that are supported by substantial evidence, and Plaintiff's alleged reaching limitation in her left-arm is not supported by substantial evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). Plaintiff testified that she "can move [her] left arm freely without thinking about it." (R. at 39.) Moreover, she testified that she drives twice per week. (R. at 44.) This testimony supports the ALJ's finding that Plaintiff has no reaching limitations. Furthermore, the ALJ adequately included in Plaintiff's RFC limitations that are supported by the evidence, specifically adopting limitations in handling, fingering, pushing, carrying, lifting, pulling, and also finding that she requires a cane to ambulate and balance. (R. at

21.) The ALJ also found Plaintiff is "best suited for an occupation without high production quotas, and not in a fast-paced work environment." (R. at 21) These limitations are supported by substantial evidence and with them Plaintiff can still perform her past work as a dispatcher. (R. at 25.) Therefore, the ALJ correctly determined that Plaintiff is not disabled.

**IT IS THEREFORE ORDERED** affirming the April 19, 2018 decision of the ALJ, as upheld by the Appeals Council on March 13, 2019.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 17th day of April 2020.

_____
Honorable Michelle H. Burns
United States Magistrate Judge